THIS was an appeal from the decree of the Register of wills for *Page 84 
New Castle county, admitting to probate the last will and testament of Benjamin Kearns, deceased.
The appeal was argued at the November term, 1843; by R. H. Bayard for the executor, and Wm. H. Rogers for the heirs at law.
Benjamin Kearns, of New Castle county, executed a will in due form; and, after his death, when the family were assembled for the purpose of hearing it read, one of the family, a son and legatee, seized the will and tore it up. Application was made to the register to issue a citation with a view to prove the contents of the will, and the grant of letters. The proof of the execution and contents of the will was full, there having been a rough draft found among the testator's papers.
Two points were made by the appellants: — 1st. That the register had no jurisdiction or power to take such a probate. 2d. That if the contents of the will could he so proved, it must be proved as a whole by two witnesses. The entire correspondence of the rough draft with the will destroyed was proved only by one witness; the execution of the will was proved by the three attesting witnesses; and parts of the will were proved by several witnesses. Additionally, the rough draft of the will was found in the handwriting of the testator.
R. H. Bayard. — 1st. As to the jurisdiction. It is necessary in reference to the disposition of decedent's estates to establish as a tribunal for the proof of the factum of the will, courts of probate, as distinguished from courts of construction.
By our constitution and law this jurisdiction is in the register's court, with an appeal to this court. The decisions of the register cannot be questioned unless before him, or on appeal. The statute requires wills to be in writing, signed in the presence of the testator and of each other, by two or more credible witnesses. On this question there is no difference between wills of land and of personalty.
A will cannot be altered or revoked, or cancelled, unless by the act of the testator. If it be cancelled or destroyed by another it is no revocation. This question of cancelling, like that of competency, is involved in the question of probate, to be tried by the register. (Swinburne, 432.) If the cancelling be a question of probate, so is the destruction; neither one nor the other could be, only by the act and with the intent of the testator. (1 Wms. Ex'r. 67-8.) All such are questions of intention. (Swinburne, 537.)
As the will cannot be revoked without the act and intention of the testator, if it be destroyed without that act or consent, it still exists *Page 85 
as his will. The will rests not in the paper but in the intent. (1 Wms. Ex'r. 58; Swinb. 538.) In case of part cancellation without intent, the will is good for what remains. When the testament is lost, so much as can be proved by witnesses is good. And this is reasonable. Having once proved the existence of a will, no destruction of the paper can defeat it whilst its contents can be proved. The will is not in the instrument; that is but the evidence of the will. Certain formalities are necessary to the existence of the instrument; these once proved, the will exists and may be proved as long as the contents of the paper can be proved. (Swinb. 58.) The contents of a will may be proved though the instrument cannot be produced, (1 Wms. Ex'r. 209; Swinb. 450; 1 Hagg. Rep. 462,Martin vs. Layton; 1 Addams 462, Foster vs.Foster; Phillmore 149, Trevelyn vs. Trevelyn.) A destroyed will then can be proved by parol, whether of land or personalty, both of which stand on the same footing here. Not so in England in reference to wills of real estate, which can only be proved in chancery. The will is regarded as in the nature of a conveyance to the devisee; and, in a controversy respecting the land, the willmust be produced in evidence. (1 Wms. Ex'r. 6, 215.) There is no such thing in England as a probate of wills of land. If it be a mixed will it must be proved to affect the personalty, but the probate has no effect as to the real estate. Here the probate of a will has the same effect in relation to the real, as to the personal estate; and the authorities cited above as to probates in England of destroyed wills of personal property, apply here to wills of both kinds.
2d. What evidence is necessary? The rule that two witnesses are necessary, as stated in one of the cases read, is the rule of the civil law, and not of the common law. (1 Wms. Ex'r. 47, 196.) The civil law was a part of the law for the government of the ecclesiastical courts, and never was introduced into this country. By the common law one witness was always enough to prove the contents of a lost paper. (1 Phil. Ev. 107, 346, 348.) The deed or will having been proved to have been executed in due form and by the necessary number of witnesses, its contents may be proved as any other fact by the common law — by a single witness. (1 Phil. Ev. 348, 378.)
Wm. H. Rogers, for appellants. — The register decreed that "the provisions contained in the paper marked A., with the addition of a bequest to Elizabeth Kearns of the choice of a bed and bedstead, with a sufficiency of clothing for one bed, c." are substantially the contents of the last will and testament of Benjamin Kearns, dec'd., *Page 86 
which said last will and testament was in writing, and signed by the said Benjamin in the presence of three witnesses, and was attested and subscribed by the said witnesses in his presence. This was proved by a single witness.
Two questions arise in the case: — 1st. As to the jurisdiction of the register to take probate of such a paper. 2d. Can the will be proved by a single witness?
I agree with the counsel for respondents, that no portion of the spiritual or ecclesiastical law ever was imported into this country from England. He took much pains to prove this, and I am willing to concede it. Yet how does he afterwards refer to the modes of proceeding and decisions of the ecclesiastical courts in support of his positions?
If the power of the register to take such probate as this exists, how is it to be derived? He has no power except under the act of assembly of this State. The constitution provides for the officer, the jurisdiction; the act of assembly limits its exercise.
It has been admitted that in England the remedy in such a case as this would be in chancery. It is the same here and no other. There is abundant power in that court to establish this destroyed will, whether destroyed by accident or fraud. It was a great wrong, and unfortunately cannot be criminally punished; yet the party injured is not without remedy, but his remedy is in chancery and there only.
The only authority to the register to take probate of wills is given by the act of 1829, and it contemplates the production of the will to be filed and recorded. (Dig. 217.) If we depart from this act, we must adopt in the whole, or part, the powers and practice of the ecclesiastical courts; against which the full force of the argument of Mr. Bayard was levelled. But if we adopt any such jurisdiction, it is an invariable rule that with the jurisdiction, we adopt the rules of practice, the leading and prominent one being, that the will cannot be pronounced for unless proved by two witnesses.
2d. The proof of every will by two witnesses, is required by the express terms of our statute. (Dig. 556. sec. 3.)
I agree that this has reference to the authentication of the paper, which is not the will, but the evidence of the will. But the law regards the ascertainment of the will, strictly speaking, of the party, as so important, and so liable to misrepresentation, that it surrounds it with certain formalities, essential to the establishment of the will. Without these formalities, the intention, residing in the breast of the *Page 87 
testator, can never be pronounced his will, unless it be reduced to writing, and attested by two witnesses, who are to prove it. The witnesses attest not merely the paper which is evidence of the will, but the will itself.
If the decree of the register in this case be affirmed, it establishes the paper appended to the record, as the will of the testator, with an addition that is not on the paper. Yet this paper is not attested by two witnesses, or by any witnesses; it was never executed, and it avowedly does not contain the whole will.
The Court took time to consider of it: and, in vacation, ordered judgment to be entered affirming the decree of the Register.